IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


UNITED STATES OF AMERICA

v.                                          Case No. 5:15-CR-50077-001

FRANCISCO SANCHEZ


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Francisco Sanchez ("**Sanchez**"), proceeding *pro se*, filed a Motion for Modification of Sentence pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and (c)(2). (Doc. 90). The Government responded, opposing Sanchez's Motion. (Doc. 94). Pursuant to the provisions of 28 U.S.C.§ 636(b)(1) and (3), this matter was referred to the undersigned for the purposes of making a Report and Recommendation. For the reasons explained below, it is recommended that Sanchez' Motion be **DENIED**.

### I.      BACKGROUND

On November 25, 2014, an undercover law enforcement officer arranged the purchase of one ounce of methamphetamine for $1,400 from Sanchez. (Doc. 67 ¶ 16). A detective, with the assistance of federal agents, surveilled Sanchez as he arrived at a predetermined location on the following day. (*Id*. ¶ 18). Relocating for unknown reasons, Sanchez then exchanged a cigarette box containing one ounce of methamphetamine for $1,400. (*Id*. ¶ 19). Lab analysis subsequently confirmed that the substance inside the cigarette box was 27.2 grams of actual methamphetamine. (*Id*. ¶ 21).

In October of 2015, and using confidential source information, Sanchez was identified in Rogers, Arkansas, operating the same vehicle described by the officer during the November 2014 undercover delivery.  (*Id*. ¶ 22).  Sanchez was ultimately stopped at a car wash and a K-9 unit alerted to the presence of contraband.  *Id*.  Upon a search of Sanchez' vehicle, officers located five cell phones, two packages containing what was later confirmed to be 333.1 grams of actual methamphetamine, and a loaded .45 caliber handgun that had been reported stolen from Springdale, Arkansas.  (*Id*. ¶ 23 and 24).

Sanchez was charged by Complaint filed in the Western District of Arkansas with possession of methamphetamine with intent to deliver, and delivery of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  (Doc. 1).  On October 28, 2015, Sanchez was named in a five-count Indictment charging him with possession, distribution, and conspiracy to distribute methamphetamine, possession of a firearm in furtherance of drug trafficking, and being a felon in possession of a firearm.  (Doc. 18).  The Indictment and forfeiture allegation were superseded on December 9, 2015.  (Doc. 18).  Sanchez pled not guilty before U.S. Magistrate Judge Erin Setser and was scheduled for a jury trial on May 25, 2016.  (Doc. 22, 47).  While awaiting trial, Sanchez was held in the Benton County Jail, where he was involved in two separate violent altercations and subsequently charged with assault.  (Doc. 67, ¶¶ 98,101).

On May 25, 2016, Sanchez appeared before U. S. District Judge Timothy L. Brooks for a change of plea hearing.  (Doc. 59).  At the hearing, Sanchez pled guilty to conspiracy to distribute methamphetamine.  *Id*.  After completion of the Final Presentence Investigation Report (PSR), Sanchez's total offense level was calculated as 31, reflecting a reduction for acceptance of responsibility.  (Doc. 67 ¶ 41, 78). Based upon this calculation, the United States Sentencing Guidelines ("**USSG**") recommended a sentence of 188-235 months.  (Sentencing Transcript, p.9).

The district court looked to what was described as Sanchez's "complete and utter lack of respect for the law," and determined that even a Criminal History Category V would not "adequately reflect [] the seriousness or extent of [Sanchez's] criminal history and... likelihood to be a recidivater."  (Sentencing Transcript, p. 25).  These factors, along with concerns for public safety stemming from Sanchez's distribution charges and two assaults committed while in jail, led the Court to vary upward by five months from the Guidelines' recommendation; the Court sentenced Sanchez to the statutory maximum of 240 months to be followed by a 3-year term of supervised release.  (Sentencing Transcript, p. 29).

Sanchez appealed to the Court of Appeals for the Eighth Circuit on September 27, 2016, arguing the District Court abused its discretion and imposed a substantially unreasonable sentence when varying above the guideline range by five (5) months.  (Doc. 74).  The Eighth Circuit affirmed the judgment of the District Court on September 12, 2017.  *United States v. Sanchez*, 697 Fed.App'x. 476, 480 (8th Cir. 2017).   Sanchez's Petition for Writ of Certiorari was denied by the United States Supreme Court on April 16, 2018.  (Doc. 87).   On January 8, 2024, Sanchez filed this Motion which was referred to the undersigned on January 10, 2024.  (Doc. 91).

## II.      SANCHEZ'S MOTION FOR MODIFICATION OF SENTENCE

Arguing that exclusion of his marijuana conviction would have resulted in Criminal History Category V rather VI, Sanchez's Motion rests upon an argument that the dynamic landscape pertaining to marijuana reflects the gross disparity between the sentence he currently serves and the sentence likely to have been imposed if sentenced today.  Additionally, Sanchez points to his efforts during his sentence to demonstrate rehabilitation which he says counterbalances the Court's observations and concerns regarding Sanchez's disregard for the law.

### III.        UNITED STATES' RESPONSE

The United States argues, *inter alia,* that the Motion should be denied because Sanchez (1) failed to exhaust his administrative remedies; (2) failed to demonstrate extraordinary and compelling reasons to warrant his release; and (3) fails to qualify under § 3582(c)(2) because his sentencing range was not lowered by USSG Amendment 821.

### IV.        THE FIRST STEP ACT

Sanchez seeks relief under both 18 U.S.C. §§ 3852(c)(1)(A)(i) and (c)(2).  Sanchez first asserts that extraordinary and compelling circumstances warrant modification of his sentence.  As to the second claim, Sanchez says the retroactive Amendment 821 of the USSG would beneficially modify the recommended sentence if he were sentenced today, warranting the requested modification of his sentence.  For the reasons enumerated below, Sanchez's Motion does not entitle him to relief.

### 1.        Sanchez's Claim Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

Under the First Step Act, a court can modify a term of imprisonment where (1) the defendant has fully exhausted all administrative remedies to appeal a failure of the Bureau of Prisons ("**BOP**") to bring a motion on the defendant's behalf, or a lapse of 30 days from receipt of such a request by the warden of the facility; <u>and</u> (2) there exist extraordinary and compelling reasons that warrant a sentence reduction.  *See* 18 U.S.C. § 3582(c)(1)(A).

#### a.        Exhaustion of Administrative Remedies or Lapse of 30 Days from Receipt of Request by the Facility Warden

The Act's exhaustion of all administrative remedies or 30-day lapse from receipt of request requirement is a "mandatory claim-processing rule" that "must be enforced so long as the opposing party raises it." *United States v. Houck*, 2 F. 4th 1082, 1084 (8th Cir. 2021).  Thus, where opposing parties properly raise a petitioner's failure to either exhaust all administrative remedies or wait 30

days before filing a motion, courts regularly dismiss motions under the First Step Act without prejudice.  *Id*.

The United States raised the mandatory exhaustion principles, stating that Sanchez "has not met his burden to prove that he has exhausted his administrative remedies…" (Doc 94 at *11). Sanchez alleges he submitted a BP-A0148 form to the BOP on November 15, 2023, and he attached the unanswered form to his Motion.  (Doc. 90, p 70).  The United States notes in its response, however, that as of January 19, 2024, the BOP says it was never served with Sanchez' document, having searched for any such records between 2015 and January 19, 2024.  (Doc. 94-1).  Thus, despite possessing the right to seek a sentence modification on his own behalf, the undersigned believes Sanchez's Motion is subject to dismissal without prejudice until he can provide documentation regarding either his exhaustion of administrative remedies or a lapse of 30 days from actual receipt of such a request by the facility warden.

### b.    Extraordinary and Compelling Reasons

Because it is anticipated that Sanchez may re-file his Motion, the undersigned proceeds with a consideration of the Motion's merit.  Under the First Step Act, a court may not modify a term of imprisonment once it has been imposed except in any case where it finds that extraordinary and compelling reasons warrant such a reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  Here, Sanchez claims the policy reason which warrants his release under the statute is his "unusually long sentence."  USSG § 1B1.13(b)(6).  Under this Guidelines' provision, a defendant has received an unusually long sentence if the defendant "has served at least 10 years of the term of imprisonment" and a change in law ("other than an amendment to the Guidelines Manual that has not been made retroactive") would produce a "gross disparity between the sentence being served and the sentence likely to be imposed at the time of the motion…"  *Id.*

1.   *Ten Years Imprisonment*

Sanchez cannot yet satisfy the first hurdle as he has not served ten years of imprisonment. Sanchez's term of imprisonment was imposed on September 13, 2016, rendering Sanchez's filing as premature and precluding relief under 18 U.S.C. § 3582(c)(1)(A)(i).   When counting time, Sanchez argues that the active incarceration time should be considered in conjunction with the statutory good time earned plus any additional credits toward his sentence under the First Step Act, rather than viewed in isolation.

Sanchez is serving a sentence imposed because of his guilty plea to 21 U.S.C. § 841(a)(1), disqualifying him from applying his time-earned under the First-Step Act.  Pursuant to 18 U.S.C. § 3632(d)(4)(D), an inmate is ineligible to receive time-earned credits if they are serving a sentence for a conviction under certain provisions of law and 21 U.S.C. § 841(a)(1) is one such provision. 18 U.S.C. § 3632(d)(4)(D)(lvii).  Therefore, to comply with the statutory provisions of USSG § 1B1.13(b)(6), Sanchez must serve ten actual years in prison.

2.   *Gross Disparity in Sentence*

Even if Sanchez could satisfy the ten year requirement, the undersigned believes he would still be ineligible for release under 18 U.S.C § 3582(c)(1)(A)(i) as the amendment cited as a change in law does not apply to Sanchez.  Thus, he would be unable to demonstrate the "extraordinary and compelling" reasons to modify his sentence as required by 18 U.S.C. § 3582(c)(1)(A)(i).

Part A to Amendment 821 to the USSG altered the "status points" provision regarding criminal history. USSG § 4A1.1(e). The amended provision reduces the number of additional status points a person who presents 7 criminal history points or more from 2 to 1, while a person who otherwise presents 6 criminal history points or fewer receives no status points.  As the Government point out, Sanchez was categorized as a career offender under the USSG § 4B1.1, and Sanchez

does not dispute that he was found to be a career offender, raising his Criminal History Category to VI.  (Doc. 90 at *2).  As such, the number of status points awarded to Sanchez is irrelevant because his Criminal History Category VI would remain unchanged.

Sanchez further argues that the state law authorizing one of his felony convictions – simple possession of marijuana under Ark. Code Ann. § 5-64-401 – has been repealed and thus Sanchez would not have a felony charge for this conduct as it would not be prosecuted today.  Sanchez thus contends this conviction should not be included when determining his career offender status; that without this conviction, he would not qualify for career offender status; and that when considering Part A to Amendment 821, Sanchez would have been a Category IV offender with a sentencing range of 151-188 months, rather than 188-235.[1]

Before its repeal, Ark. Code Ann. § 5-64-401(c) made it unlawful for any person to possess a controlled substance and "[t]hus the statute is not categorically a controlled substance offense because subsection (c) criminalized simple possession of a controlled substance, causing the statute to reach more conduct than the generic Guidelines definition."  *United States v. Jones*, 2018 WL 10124885 at *2 (E.D. Ark. 2018).  Where a statute is broader than the generic federal definition, courts look to "whether the statute is 'divisible,' meaning that it 'comprises multiple, alternative versions of the crime.'"  *United States v. Maldonado*, 864 F.3d 893, 897 (8th Cir. 2017) (quoting *Descamps v. United States*, 570 U.S. 254, 262 (2013)).  If the statute is divisible, a modified categorical approach may be applied.  *Id.*  "Under that approach, a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."  *Mathis v. United States*, 136 U.S. 2243, 2249 (2016).

---

[1] As the Government correctly addressed in its Response, Sanchez would be in Criminal History Category V if his career offender status were not to apply rather than Category IV.

Ark. Code. Ann. § 5-64-401 is a divisible statute.  *United States v. Jones*, 2018 WL 10124885 at *3 (E.D. Ark. 2018); *see also United States v. Meux*, 918 F.3d 589 (8th Cir. 2019).  Accordingly, a modified categorical approach is applied, allowing review of charging documents to determine what crime Sanchez was convicted of committing. *See Mathis*, 136 U.S. at 2249.  The judgment and commitment order indicates that Sanchez pled guilty to possession with intent to deliver, meaning that Sanchez was not, as he now argues, convicted of simple possession under subsection (c). (See Doc. 67, ¶2). Delivery of a controlled substance, pursuant to subsection (a), falls within the generic definition of controlled substance offense.  *See*, e.g., *United States v. Howard*, 670 F. App'x 914, 915 (8th Cir. 2016) (holding that possession with intent to deliver a controlled substance qualifies as a controlled substance offense).  Sanchez's possession with intent to deliver conviction under Arkansas law is properly considered when determining his designation as a career offender.  There is therefore no basis for concluding that a gross disparity exists as a result of consideration of this conviction.

Accordingly, the undersigned believes that Part A to Amendment 821 does not apply Sanchez and he is not entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i).

**2.      Sanchez's Claim Under 18 U.S.C. § 3582(c)(2)**

Sanchez additionally relies on 18 U.S.C. § 3582(c)(2) in support of his Motion for sentence modification.  This section provides for a reduction in the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Where applicable, a two-part approach is employed to ensure that any reduction by the district courts would "be consistent with applicable policy statements issued by the Sentencing Commission." *Dillon v. United States*, 560 U.S. 817, 821 (2010).  The two-step approach requires the court to: (1) determine the amended

guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing; and to then (2) consider any applicable § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

As the Government notes, Sanchez's modification Motion fails at step one.   Section 1B1.10(a)(2) of the USSG states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if…(B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."   As discussed above, Sanchez' status as a career offender remains unchanged and thus, his applicable guideline range is unchanged, and he is not entitled to relief under 18 U.S.C. § 3582(c)(2).   Failing to scale the hurdle of step one, the Motion should be denied.

Assume for purposes of the following analysis that the undersigned is wholly incorrect as to step one.   In that case, Sanchez would be entitled to have his status as a career offender removed and his Criminal History Category would be a V with a sentencing guideline range of 168-210 months.   This scenario would prompt step two – reconsideration of any applicable § 3553(a) factors and determination of whether any authorized sentence reduction is warranted, in whole or in part, under the circumstances of the case.   *Dillon*, 560 U.S. at 827.

The sentencing record well reflects Judge Brooks' thorough consideration of the § 3553(a) factors during Sanchez's sentencing hearing. While noting Sanchez was "in criminal history category VI because of [his] career offender status," (Sent. Tr. pp. 23-24), Judge Brooks carefully pointed out that "even if, by some technicality, [Sanchez] were not… [even a] criminal history category V… would not have adequately reflected the seriousness or extent of [his] criminal

history and [his] likelihood to be a recidivater."  (Sent. Tr. pp. 23-24).  The record reflects the district court's opinion that Sanchez' extensive criminal record was both "very aggravating" and reflected an "complete and utter lack of respect for the law." (Sent. Tr. pp. 25, 26).   There is no basis to believe that this fully developed record would result in a different view of Sanchez' criminal history with the simple removal of "career offender" status or redesignation as Category V; in fact, a contrary conclusion is explicitly warranted by the record.   Here, Judge Brooks specifically discussed the infrequency of statutory maximum sentences but determined "without qualms or reservations" that, under the totality of the circumstances, the "§ 3553(a) factors here necessitate the court varying upward from the guidelines range and imposing the statutory maximum sentence." (Sent. Tr. pp. 29-30).

Sanchez' Motion references several rehabilitation programs he has completed, and the resulting lower recidivism score he has achieved over his time in prison. (Doc. 59.)  These actions are commendable and the undersigned compliments Sanchez for successfully completing these rehabilitation programs and achieving a lower recidivism score; these hard-earned efforts will undoubtedly help prepare Sanchez for success following his release from custody.   These reintegration efforts, however, do not mitigate the sentencing record which addressed Sanchez' prior criminal history including an "unabashed, repeat pattern of becoming involved in drugs;" (Sent. Tr. p. 27), the seriousness of his offense including drug quantity and involvement of a firearm in the commission of the offense; and propensity for violence (as demonstrated by the separate jailhouse assaults while awaiting trial).

For these reasons, the undersigned has no legal or factual basis for concluding that a reconsideration of the § 3553(a) factors would result in a sentence reduction for Sanchez, leading the undersign to opine that Sanchez is not entitled to relief under 18 U.S.C. § 3582(c)(2).

## V.        RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Sanchez's Motion for Modification of Sentence (Doc. 90) be **DENIED.**  First, Sanchez has failed to show either an exhaustion of his administrative remedies, or a lapse of 30 days from actual receipt of request from the correctional facility's warden.  Second, Mr. Sanchez has not served the requisite ten years or demonstrated a gross disparity between his initial sentence and a sentence which would be imposed if he were to be convicted today for the same offense.  And third, while the Court commends Sanchez for his hard work in completing rehabilitation programs, his accomplishments are insufficient to warrant a modification of his sentence under 18 U.S.C § 3553(a), and even if permitted, there is no reason to believe – based on the fully developed record at sentencing – that a reconsideration of the § 3553(a) factors by the Court would result in a lower sentence under the facts and circumstances of this case.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 24th day of April 2024.

*Christy Comstock*
CHRISTY COMSTOCK
U.S. MAGISTRATE JUDGE